# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CAMERON WATSON, *

Petitioner *

v * Civil Action No. PWG-18-1854

WARDEN, *

Respondent *

\*\*\*

## MEMORANDUM OPINION

On June 21, 2018, Petitioner Cameron Watson, a pre-trial detainee in the Montgomery County Correctional Facility, filed correspondence that was docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. I directed Watson to supplement his filing, ECF No. 2, which he has done. His supplemental petition explains that he seeks immediate release from detention, asserting that he is improperly being held without bond in connection with proceedings in the Circuit Court for Montgomery County, Maryland. Supplementary Petition 2, 8, ECF No. 3. As Watson does not state a claim for habeas relief, the petition must be dismissed without prejudice.[1]

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (per curiam); *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

---

[1] Watson has sought leave to proceed *in forma pauperis*. ECF No. 4. As he appears to be indigent, the motion is granted.

Watson asserts that the incident for which he was arrested arose when his mother called police because he was intoxicated and had access to a starter pistol, which she was afraid would cause him to "get into trouble." Supplemental Petition 6. Watson states that his mother never pressed charges but rather requested he be taken for a psychological evaluation. *Id.* He says the prosecutor should not have charged him with use of a handgun in the commission of a felony or illegal possession of a regulated firearm, both because he did not commit an assault and because a starter pistol does not meet the definition of a firearm. *Id.* Watson asserts that he is illegally being held without bond. *Id.* at 7. At the time he filed the petition, Watson was awaiting trial on the weapons charges filed against him.[2]

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief). "Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown." *Lloyd v. Morgan*, No. JKB-16-2159, 2016 WL 4474848, at *2 (D. Md. Aug. 24, 2016). Petitioner's claim of illegal confinement may be litigated in a state forum without harm to his constitutional rights. Accordingly, his habeas petition seeking immediate release shall be dismissed without prejudice by a separate Order, which follows.

12/19/18
Date

Paul W. Grimm
United States District Judge

---

[2] On August 22, 2018, Watson pleaded guilty to first-degree assault and possession with intent to distribute a controlled dangerous substance. The firearm charges were dismissed. *See* http://casesearch.courts.state.md.us/inquiry (search case number 133718C).